FILED

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WUHONG CAO; GUISANG YANG; et al., | No. 07-71502 |
| Petitioners, | Agency Nos. A097-365-516 |
| | A097-365-517 |
| v. | A097-365-518 |
| | A097-365-519 |
| ERIC H. HOLDER Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Wuhong Cao, his wife Guisang Yang, and their two children, natives and

citizens of China, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the discrepancy regarding the family members' departure for Peru following Yang's alleged forced abortion, and based on the discrepancy regarding the number of times Yang was arrested. *See id.* (inconsistencies regarding "events leading up to [petitioner's] departure and the number of times he was arrested" went to the heart of petitioner's claim and supported adverse credibility determination). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on testimony the agency found not credible, and they point to no other evidence showing it is more likely than not they will be tortured if returned to China, their CAT claim fails. *See id.* at 1156-57.

Finally, we lack jurisdiction to review petitioners' contention that the IJ violated due process by not allowing one petitioner to be present while the other testified, because they failed to raise this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**